**EL SEGUNDO POWER, LLC, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 00–1093.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2001.

Before EDWARDS, Chief Judge; HENDERSON and RANDOLPH, Circuit Judges.

*JUDGMENT*

This case was heard on the record from the Federal Energy Regulatory Commission and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b).

The petitioners seek review of two orders of the Federal Energy Regulatory Commission affirming the authority of the California Independent System Operator (ISO) to accept the petitioners' bids to provide ancillary services but to adjust the bid amounts, which exceeded the ISO's announced price caps, to conform to the caps. The petitioners contend the ISO was required either to accept their bids at the face amounts or to reject them altogether. We uphold the Commission's decision because it was not 'arbitrary, capri-

cious, an abuse of discretion, or otherwise not in accordance with law.' 5 U.S.C. § 706(2)(A); *see Potomac Elec. Power Co. v. Federal Energy Regulatory Comm'n*, 210 F.3d 403, 407 (D.C.Cir.2000). The Commission reasonably concluded the petitioners agreed to sell ancillary services at the cap price when they voluntarily submitted the over-cap bids and furnished the services with knowledge of the ISO's declared policy to accept over-cap bids at the cap amount. Further, the Commission's decision did not, as the petitioners maintain, violate section 206 of the Federal Power Act, which authorizes the Commission to reduce a filed rate only after hearing and upon finding that the rate is "unjust, unreasonable, unduly discriminatory or preferential." 16 U.S.C. § 824e(a). The petitioners' filed rates were set at whatever price they should agree to accept from a purchaser. *See, e.g.,* JA 1 ¶ 3 ("*Rates:* All sales shall be made at rates established by agreement between the purchaser and El Segundo Power, LLC"). Because the Commission reasonably found the petitioners agreed to accept the cap amount, the price they received conformed to their filed rates. For these reasons, it is

ORDERED that the petition for review be denied.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).